UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04 11675 RGS

PRO CON, INCORPORATED,

    Plaintiff,

v.

VALLEY FORGE INSURANCE COMPANY,

    Defendant.

RECEIPT # 57604
AMOUNT $150
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK ___
DATE 7/28/04

MAGISTRATE JUDGE_____

## COMPLAINT AND JURY DEMAND

### Introductory Statement

1.    Pro Con, Incorporated ("Pro Con"), a construction firm, was confronted with claims for water infiltration damage to hotels constructed by Pro Con in Raynham and Westborough, Massachusetts. Pro Con duly notified its liability insurers, Valley Forge Insurance Company ("Valley Forge") and Liberty Insurance Corporation ("Liberty") of these claims, and ultimately settled them with Valley Forge and Liberty's consent. The settlements Pro Con struck with the owners of the Raynham and Westborough hotel properties call for Pro Con to perform repairs addressing the claimed water infiltration damage. To facilitate funding of these repairs, Pro Con entered into separate agreements with Valley Forge and Liberty under which Pro Con agreed to conduct the repairs and to seek payment by Valley Forge and Liberty of the costs thereof on a periodic basis, with the insurers to pay so much of the cost of

the repairs as they believe their policies cover, subject to Pro Con's right to contest the insurers' determinations.

2. Pro Con's agreements with Valley Forge and Liberty allocate to Valley Forge and Liberty the prerogative to institute actions against subcontractors and suppliers for the Raynham and Westborough hotel projects seeking contribution or indemnity for the costs of the repairs. The agreements vest sole authority to control and to settle such actions in Valley Forge and Liberty and provide for the sharing of proceeds among Valley Forge, Liberty and Pro Con, in accordance with their respective contributions to the costs of repairs.

3. Under this stipulation, Valley Forge and Liberty instituted or assumed responsibility for three lawsuits against subcontractors and/or suppliers for the Raynham and Westborough hotel projects. These suits presently are ongoing and active. On July 19, 2004, however, Valley Forge announced its intention unilaterally to withdraw from the prosecution of the third-party actions and to refuse to pay for legal fees and costs incurred in their prosecution going forward. This action by Valley Forge constitutes a flagrant breach of its obligations under its agreements with Pro Con and Liberty, and cannot be justified under any plausible interpretation thereof. Through this litigation, therefore, Pro Con seeks to establish that Valley Forge was and is under an obligation to fund the prosecution of the third-party actions, and that its failure to fulfill this obligation constitutes a breach of its agreements with Pro Con and Liberty and a knowing and willful violation of G.L. c. 93A, § 2.

### Parties

4. Plaintiff Pro Con is a corporation organized and existing under the laws of New Hampshire, with its principal place of business in Hooksett, New Hampshire.

5.  Upon information and belief, defendant Valley Forge is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business in Chicago, Illinois.

## Jurisdiction and Venue

6.  Jurisdiction is based upon 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000 and the controversy is between citizens of different states.

7.  Venue is proper under 28 U.S.C. § 1391, as Valley Forge resides in this judicial district, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and Valley Forge is subject to personal jurisdiction in this judicial district.

## Factual Background

8.  Pro Con is a construction firm that provides design, general contracting and construction management services for commercial, industrial and institutional building projects throughout New England and elsewhere.

9.  During the period 1996-2000, Pro Con constructed a number of hotels that incorporated so-called external insulation and finishing systems, including Courtyard by Marriott hotels located in Raynham, Massachusetts (the "Raynham hotel") and Westborough, Massachusetts (the "Westborough hotel").

10. Toward the end of 2002, Pro Con learned that water infiltration damage had been detected at the Raynham hotel and the Westborough hotel. Shortly after these conditions were reported, the owners of the Raynham and Westborough hotels demanded that Pro Con perform or fund repairs at the hotels.

11.     Liberty was Pro Con's general liability insurer during the period April 1, 1997 to April 1, 2001.

12.     Valley Forge was Pro Con's general liability insurer during the period April 1, 2001 to April 1, 2003.

13.     Pro Con promptly notified Valley Forge and Liberty with respect to the occurrences and claims regarding the Raynham and Westborough hotels.

14.     In an effort to avoid litigation, Pro Con entered into settlement negotiations with the owners of the Raynham and Westborough hotels. Pro Con ultimately entered into separate settlement agreements with the owners of the Raynham and Westborough hotels under which, in each case, Pro Con agreed to conduct repair work addressing water infiltration damage in exchange for a release by the respective owners of all further claims for damages arising from alleged defects in construction.

15.     About the same time that Pro Con began settlement negotiations with the owners, it also began discussions with Valley Forge and Liberty, advising Valley Forge and Liberty of the approach being taken in negotiations with the owners, and proposing a scheme for the funding of the repairs by Valley Forge and Liberty. In anticipation of its role in the funding of hotel repairs and its subrogation rights with respect thereto, Valley Forge took a leading role in notifying subcontractors and suppliers for the Raynham and Westborough hotel projects, as well as their insurers, regarding the water infiltration damage and the potential for settlement of the owners' claims.

16.     The negotiations between Pro Con, Valley Forge and Liberty with regard to funding of the repairs to be undertaken pursuant to Pro Con's settlements with the owners of the Raynham and Westborough hotels took place primarily in meetings at the offices of the

parties' Massachusetts counsel and through electronic and other correspondence among Massachusetts counsel. In each case, Pro Con, Valley Forge and Liberty reached agreement regarding funding mechanisms before the associated agreement with the owner was executed.

### The Funding Agreements

17. On or about December 17, 2003, Pro Con, Valley Forge, and Liberty entered into an agreement regarding the funding of the repairs at the Raynham hotel (the "Raynham Funding Agreement").

18. On or about February 17, 2004, Pro Con, Valley Forge, and Liberty entered into an agreement regarding the funding of the repairs at the Westborough hotel (the "Westborough Funding Agreement").

19. The Raynham Funding Agreement and the Westborough Funding Agreement (together "the Funding Agreements") provide that, as the repair work proceeds at the hotels, Pro Con will submit to Valley Forge and Liberty periodic applications for payment for the costs of the work.

20. Under the Funding Agreements, Valley Forge and Liberty are to pay agreed-upon shares of so much of the costs addressed by a Pro Con application for payment as they deem to be covered under their policies.

21. The Funding Agreements further provide that, if Valley Forge or Liberty takes the position that portions of the application for payment are not covered, it must, at the time payment is due, provide a written specification of the item(s) it contends are not covered, and a statement of the basis of its position with respect to each such item. In the event that Pro Con does not agree with an insurer's position regarding any such item, it is entitled to invoke a dispute resolution provision set forth in the Funding Agreements.

22. The Funding Agreements recognize that, to the extent that Valley Forge and Liberty make payments on behalf of Pro Con, each will be proportionally subrogated to Pro Con's rights against other parties who may be legally responsible for the water infiltration damage at the Raynham and Westborough hotels, including, but not limited to, subcontractors, product suppliers, vendors, manufacturers and their respective insurers and other insurers of Pro Con. The Funding Agreements contemplate that actions (the "third-party actions") will be brought against such parties.

23. The Funding Agreements provide that the third-party actions will be controlled by Valley Forge and Liberty and conducted as Valley Forge and Liberty determine in their sole discretion. Valley Forge and Liberty are to share legal fees and costs of any third-party actions they prosecute. Pro Con is not to be responsible for any share of the fees and costs of prosecution of the third-party actions.

24. The sole instance in which the Funding Agreements contemplate that Pro Con may control (and fund) a third-party action arises if, after the repairs are completed, Valley Forge and Liberty still have not filed a given third-party action and decline to do so upon Pro Con's demand, in which case Pro Con may prosecute the declined action at its sole expense and for its sole benefit.

25. Once Valley Forge and Liberty have agreed to prosecute a third-party action, there is no mechanism in either Funding Agreement under which one insurer may withdraw from the prosecution of the third-party action prior to its resolution.

26. The Funding Agreements provide that the proceeds of third-party actions prosecuted by Valley Forge and Liberty will be apportioned to Pro Con, Valley Forge and Liberty in proportion to the amount that each has contributed to the costs of repairs performed

at the Raynham and Westborough hotels pursuant to Pro Con's settlement agreements with the hotel owners.

27.     By their terms, the Funding Agreements are to be enforced in accordance with Massachusetts law, without reference to Massachusetts choice of law rules.

### The Third-Party Actions

28.     On August 28, 2003, Pro Con filed suit (the "LV suit") in the United States District Court, District of Massachusetts against LV Construction Company, LLC ("LV"). LV was a subcontractor employed by Pro Con on the Raynham hotel project. *See Pro Con, Inc. v. LV Construction Company, LLC*, United States District Court, District of Massachusetts Civil Action No. 03-CV-11607-NG.

29.     On October 24, 2003, Pro Con filed suit in Worcester Superior Court against eight of the subcontractors and suppliers for the Westborough hotel. *See Pro Con, Inc. v. J&B Drywall, Inc. et al.*, Worcester Superior Court Civil Action No. WOCV2003-02063C. Also on October 24, 2003, Pro Con filed a separate suit in Worcester Superior Court against one of the suppliers for the Westborough hotel. *See Pro Con, Inc. v. General Electric Company*, Worcester Superior Court Civil Action No. WOCV2003-2064P. On December 16, 2003, the second Worcester case was removed to the United States District Court for the District of Massachusetts, Central Division, where it is pending presently as Civil Action No. 03-CV-40284-FDS. These actions are referred to hereinafter jointly as the "Westborough third-party actions."

30.     After the Raynham Funding Agreement was executed, and pursuant to its terms, Valley Forge and Liberty assumed control of the prosecution of the LV suit and retained the law firm of O'Malley & Harvey to conduct the litigation.

31. After the Westborough Funding Agreement was executed, and pursuant to its terms, Valley Forge and Liberty assumed control of the Westborough third-party actions and retained the law firm of O'Malley & Harvey to conduct the litigation.

32. The LV suit and the Westborough third-party actions are ongoing and active at the present time. There has been no recovery, whether by judgment or settlement.

### Valley Forge's Purported Withdrawal From Prosecution of the Third-Party Actions

33. On July 19, 2004, Valley Forge's counsel wrote to Mark Stebbins, Chief Executive Officer of Pro Con, stating that "effective as of this date and pursuant to Paragraph 11a. of [the Raynham Funding Agreement] . . . [Valley Forge] elects not to participate further in the prosecution of the [LV suit] and will not fund on a going-forward basis the legal fees and costs incurred with respect to that action." A copy of this letter is attached hereto as Exhibit A.

34. Also on July 19, 2004, Valley Forge's counsel wrote a second letter to Mark Stebbins stating that "effective as of this date and pursuant to Paragraph 11a. of [the Westborough Funding Agreement] . . . [Valley Forge] elects not to participate further in the prosecution of the [Westborough third-party actions] and will not fund on a going-forward basis the legal fees and costs incurred with respect to these actions." A copy of this letter is attached hereto as Exhibit B.

35. Valley Forge's purported withdrawal from the prosecution of the LV suit and the Westborough third-party actions occurs in the absence of any resolution thereof.

36. Valley Forge's purported withdrawal from the prosecution of the LV suit and the Westborough third-party actions is unilateral. Liberty has made no such purported withdrawal to date, and has indicated no intention to do so.

### Count I
### (Breach of Contract)

37. Pro Con repeats the allegations of paragraphs 1-36.

38. Under the Funding Agreements, if Valley Forge undertakes to prosecute a third-party action, it is required to share in payment of associated legal fees and costs until the action is resolved by judgment or settlement.

39. Valley Forge undertook to prosecute the LV suit and the Westborough third-party actions.

40. By purporting unilaterally to withdraw from the prosecution of the LV suit prior to any resolution thereof, Valley Forge breached the Raynham Funding Agreement.

41. By purporting unilaterally to withdraw from the prosecution of the Westborough third-party actions prior to any resolution thereof, Valley Forge breached the Westborough Funding Agreement.

42. Valley Forge's breaches of the Funding Agreements were intentional, flagrant and unexcused.

43. As a result of Valley Forge's breaches of the Funding Agreements, Pro Con has suffered and will continue to suffer substantial damages.

### Count II
### (Violation of G.L. c. 93A § 11)

44. Pro Con repeats the allegations in paragraphs 1-43.

45. G.L. c. 93A, § 2, prohibits the use or employment of unfair or deceptive acts or practices in the conduct of trade or commerce.

46. Valley Forge is engaged in the conduct of trade or commerce within the Commonwealth of Massachusetts.

47. Valley Forge's intentional, flagrant and unexcused breaches of the Funding Agreements in purporting to withdraw from prosecution of the LV suit and the Westborough third-party actions constitutes the use and employment of unfair and deceptive acts and practices in the conduct of trade or commerce.

48. Valley Forge's violations of G.L. c. 93A, § 2, were knowing and willful violations.

49. Pro Con has suffered monetary damages as a consequence of Valley Forge's violations of G.L. c. 93A, § 2.

### Relief Requested

WHEREFORE, Plaintiff Pro Con requests that this Court:

(a) Enter judgment on Count I of this Complaint in an amount equal to the damages Pro Con has incurred as a result of Valley Forge's breach of its obligations under the Funding Agreements, plus interest;

(b) Enter judgment on Count II of this Complaint against Valley Forge and award Pro Con the following relief: all damages caused by Valley Forge's violations of G.L. c. 93A, § 2; double or treble those damages as a consequence of Valley Forge's knowing and willful violations of G.L. c. 93A, § 2; and attorneys' fees and expenses;

(c) Issue an injunction ordering Valley Forge to comply with its obligations under the Agreements to participate in and fund the third-party actions that it elected to prosecute; and

(d) Grant such other and further relief as the Court deems just and proper.

> PRO CON, INC.
>
> By its attorneys,
>
> _____
> Martin C. Pentz (BBO # 394050)
> Michelle Chassereau Jackson (BBO # 654825)
> Nutter McClennen & Fish LLP
> World Trade Center West
> 155 Seaport Boulevard
> Boston, MA 02210-2604
> (617) 439-2000

Dated: July 28, 2004

1347584.4

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Pro Con, Incorporated

**DEFENDANTS**

Valley Forge Insurance Company

**(b)** County of Residence of First Listed Plaintiff __Merrimack County, NH__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Nutter McClennen & Fish LLP, 155 Seaport Blvd., Boston, MA 02210-2604
Tel. #617-439-2000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action for breach of contract and violation of G.L. c.93A as well as an injunction ordering Valley Forge to comply with the contracts it entered into with Pro Con.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 7·28·04

SIGNATURE OF ATTORNEY OF RECORD: Martin C. Pentz

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Pro Con, Incorporated v. Valley Forge Insurance Company**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,          *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐  NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐  NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Martin C. Pentz, Nutter McClennen & Fish LLP
ADDRESS           155 Seaport Boulevard, Boston, MA 02210-2604
TELEPHONE NO.     617-439-2000

(Coversheetlocal.wpd - 10/17/02)