UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11675 RGS

PRO CON, INCORPORATED, )
)
    Plaintiff, )
)
v. )
)
VALLEY FORGE INSURANCE COMPANY, )
)
    Defendant. )
)

## ANSWER OF DEFENDANT VALLEY FORGE INSURANCE COMPANY

Defendant, Valley Forge Insurance Company ("Valley Forge"), by and through its undersigned attorneys, as and for its answer to the complaint of Pro Con, Incorporated ("Pro Con") in the above entitled action, states as follows:

1.     Valley Forge denies the allegations of the first sentence of paragraph 1, except admits that Pro Con received claims for certain damage to hotels constructed by Pro Con in Raynham and Westborough, Massachusetts (the "Raynham and Westborough hotels"); denies the allegations of the second sentence of paragraph 1, except admits that Pro Con notified Valley Forge of certain claims for damage to the Raynham and Westborough hotels and admits that Pro Con, after notice to its insurers, entered into a written agreement with the owner of the Raynham hotel on or about February 6, 2004 with respect to repairs for such damage, and that Pro Con, after notice to its insurers, entered into a written agreement with the owner of the Westborough hotel on or about March 8, 2004, with respect to repairs for such damage; denies the allegations of the third sentence of paragraph 1, except admits that Pro Con entered into

agreements with the owners of the Raynham and Westborough hotels, which agreements are in written form and speak for themselves; denies the allegations of the fourth sentence of paragraph 1, except admits that Pro Con entered into an agreement with Liberty Mutual Insurance Company ("Liberty") and Valley Forge on or about December 17, 2003 concerning the Raynham hotel, and that Pro Con entered into an agreement with Liberty and Valley Forge on or about February 17, 2004 concerning the Westborough hotel.

2. Valley Forge states that the agreements referenced in paragraph 2 are in written form and speak for themselves. To the extent that the allegations of paragraph 2 mischaracterize or misstate the terms and conditions of the referenced agreements, Valley Forge denies those allegations.

3. Valley Forge states that the stipulations referenced in the first sentence of paragraph 3 are in written form and speak for themselves; admits the allegations of the second sentence of paragraph 3; and denies the remaining allegations of paragraph 3.

4. Valley Forge admits the allegations of paragraph 4.

5. Valley Forge admits the allegations of paragraph 5.

6. The allegations set forth in paragraph 6 state conclusions of law to which no response is required.

7. The allegations set forth in paragraph 7 state conclusions of law to which no response is required

8. Valley Forge is without sufficient knowledge or information sufficient to form a belief as to the truth of each of the allegations of paragraph 8 and therefore deny the same.

9. Valley Forge is without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 9 that Pro Con constructed a number of hotels, except

admits that Pro Con construct the Raynham and Westborough hotels and incorporated external insulation and finishing systems ("EIFS") in those hotels.

10. Valley Forge is without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 10, except admits that at some point Pro Con became aware that damage had been detected at the Raynham and Westborough hotels and that the owners of those hotels demanded that Pro Con perform or fund repairs at the hotels.

11. Valley Forge admits the allegations of paragraph 11 and further states that Liberty also issued umbrella general liability insurance to Pro Con for all or some portion of the period from April 1, 1997 to April 1, 2001.

12. Valley Forge denies the allegations of paragraph 12, except admits that it issued general liability insurance policies to Pro Con as the named insured for the period from April 1, 2001 to April 1, 2003, the terms, conditions and exclusions of which speak for themselves.

13. Valley Forge denies the allegations of paragraph 13.

14. Valley Forge is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14, and states that the agreements referenced in the second sentence of paragraph 14 are in written form and speak for themselves. To the extent that the allegations of paragraph 14 mischaracterize or misstate the terms and conditions of the referenced agreements, Valley Forge denies those allegations.

15. Valley Forge denies the allegations of the first sentence of paragraph 15, except admits that at some point Pro Con proposed that Liberty and Valley Forge participate in the funding of repairs to be performed by Pro Con at the Raynham and Westborough hotels; and denies the allegations of the second sentence of paragraph 15, except admits that it corresponded

with some subcontractors and suppliers for the Raynham and Westborough hotels, and some of their insurers, with respect to damage claims as reported to Pro Con by the hotel owners.

16. Valley Forge denies the allegations of the first sentence of paragraph 16, except admits that it had various discussions, in the form of meetings and electronic and other correspondence, with Pro Con and/or Liberty with respect to proposed funding of repairs by Pro Con at the Raynham and Westborough hotels; and denies the allegations of the second sentence of paragraph 16, except admits that Pro Con entered into an agreement with Liberty and Valley Forge on or about December 17, 2003 concerning the Raynham hotel, that Pro Con entered into a written agreement with the owner of the Raynham hotel on or about February 6, 2004 with respect to repairs of damage at that hotel, that Pro Con entered into an agreement with Liberty and Valley Forge on or about February 17, 2004 concerning the Westborough hotel, and that Pro Con entered into a written agreement with the owner of the Westborough hotel on or about March 8, 2004, with respect to repairs of damage at that hotel.

17. Valley Forge admits the allegations of paragraph 17, except states that the referenced agreement is in written form and speaks for itself. To the extent that the allegations of paragraph 17 mischaracterize or misstate the terms and conditions of the referenced agreement, Valley Forge denies those allegations.

18. Valley Forge admits the allegations of paragraph 18, except states that the referenced agreement is in written form and speaks for itself. To the extent that the allegations of paragraph 17 mischaracterize or misstate the terms and conditions of the referenced agreement, Valley Forge denies those allegations.

19. Valley Forge states that the agreements referenced in paragraph 19 are in written form and speak for themselves. To the extent that the allegations of paragraph 19

mischaracterize or misstate the terms and conditions of those agreements, Valley Forge denies those allegations.

20. Valley Forge states that the agreements referenced in paragraph 20 are in written form and speak for themselves. To the extent that the allegations of paragraph 20 mischaracterize or misstate the terms and conditions of those agreements, Valley Forge denies those allegations.

21. Valley Forge states that the agreements referenced in paragraph 21 are in written form and speak for themselves. To the extent that the allegations of paragraph 21 mischaracterize or misstate the terms and conditions of those agreements, Valley Forge denies those allegations.

22. Valley Forge states that the agreements referenced in paragraph 22 are in written form and speak for themselves. To the extent that the allegations of paragraph 22 mischaracterize or misstate the terms and conditions of those agreements, Valley Forge denies those allegations.

23. Valley Forge states that the agreements referenced in paragraph 23 are in written form and speak for themselves. To the extent that the allegations of paragraph 23 mischaracterize or misstate the terms and conditions of those agreements, Valley Forge denies those allegations.

24. Valley Forge states that the agreements referenced in paragraph 24 are in written form and speak for themselves. To the extent that the allegations of paragraph 24 mischaracterize or misstate the terms and conditions of those agreements, Valley Forge denies those allegations.

25. Valley Forge states that the agreements referenced in paragraph 25 are in written form and speak for themselves. To the extent that the allegations of paragraph 25 mischaracterize or misstate the terms and conditions of those agreements, Valley Forge denies those allegations.

26. Valley Forge states that the agreements referenced in paragraph 26 are in written form and speak for themselves. To the extent that the allegations of paragraph 26 mischaracterize or misstate the terms and conditions of those agreements, Valley Forge denies those allegations.

27. Valley Forge states that the agreements referenced in paragraph 27 are in written form and and speak for themselves. To the extent that the allegations of paragraph 27 mischaracterize or misstate the terms and conditions of those agreements, Valley Forge denies those allegations.

28. Valley Forge admits the allegations of paragraph 28.

29. Valley Forge admits the allegations of paragraph 29.

30. Valley Forge states that the agreements referenced in paragraph 30 are in written form and speak for themselves. To the extent that the allegations of paragraph 30 mischaracterize or misstate the terms and conditions of those agreements, Valley Forge denies those allegations. Answering further, Valley Forge denies that it assumed control of the prosecution of the LV suit and retained the law firm of O'Malley and Harvey to conduct that litigation, except admits that it has paid for a portion of the legal services rendered by that law firm with respect to the LV suit.

31. Valley Forge states that the agreements referenced in paragraph 31 are in written form and speak for themselves. To the extent that the allegations of paragraph 31

mischaracterize or misstate the terms and conditions of those agreements, Valley Forge denies those allegations. Answering further, Valley Forge denies that it assumed control of the prosecution of the Westborough third-party actions and retained the law firm of O'Malley and Harvey to conduct that litigation, except admits that it has paid for a portion of the legal services rendered by that law firm with respect to the Westborough third-party actions.

32.   Valley Forge is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.   Valley Forge admits the allegations of paragraph 33, except further states that since July 19, 2004 Valley Forge has continued to fund the legal fees and costs incurred with respect to the LV suit.

34.   Valley Forge admits the allegations of paragraph 34, except further states that since July 19, 2004, Valley Forge has continued to fund the legal fees and costs incurred with respect to the Westborough third-party actions.

35.   Valley Forge is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.   Valley Forge denies the allegations of the first sentence of paragraph 36; and is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 36

37.   Valley Forge repeats and incorporates by reference its responses to the allegations of paragraphs 1-36.

38.   Valley Forge denies the allegations of paragraph 38.

39.   Valley Forge denies the allegations of paragraph 39.

40.   Valley Forge denies the allegations of paragraph 40.

41. Valley Forge denies the allegations of paragraph 41.

42. Valley Forge denies the allegations of paragraph 42.

43. Valley Forge denies the allegations of paragraph 43.

44. Valley Forge repeats and incorporates by reference its responses to the allegations of paragraphs 1-43.

45. The allegations of paragraph 45 state conclusions of law to which no response is required.

46. The allegations of paragraph 46 state conclusions of law to which no response is required.

47. Valley Forge denies the allegations of paragraph 47.

48. Valley Forge denies the allegations of paragraph 48.

49. Valley Forge denies the allegations of paragraph 49.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Pro Con's claims are barred because they fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pro Con's claims are barred, in whole or in part, by estoppel.

### THIRD AFFIRMATIVE DEFENSE

Pro Con's claims are barred, in whole or in part, by waiver.

## FOURTH AFFIRMATIVE DEFENSE

Pro Con's claims are barred, in whole or in part, because Valley Forge is not prohibited by the agreements referenced in the Complaint from electing not to participate in and fund the prosecution of contribution or indemnity claims against subcontractors and suppliers that were filed by Pro Con in the LV suit and the Westborough third-party actions, and, therefore, Valley Forge has not breached any of the agreements referenced in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Pro Con's claims are barred, in whole or in part, because it has not been damaged by any alleged conduct by Valley Forge.

## SIXTH AFFIRMATIVE DEFENSE

Pro Con's claims are barred, in whole or in part, because Valley Forge has not used or employed any unfair or deceptive act or practice in the conduct of trade or commerce, and has not breached any of the agreements referenced in the Complaint, because Valley Forge is not prohibited by the agreements referenced in the Complaint from electing not to participate in and fund the prosecution of contribution or indemnity claims against subcontractors and suppliers that were filed by Pro Con in the LV suit and the Westborough third-party actions.

## SEVENTH AFFIRMATIVE DEFENSE

Pro Con's claims are barred, in whole or in part, because it has not suffered any monetary damages as a consequence of any alleged wrongful conduct by Valley Forge.

## EIGHTH AFFIRMATIVE DEFENSE

Pro Con's claims are barred, in whole or in part, due to its own contract breaches.

9

## NINTH AFFIRMATIVE DEFENSE

Pro Con's claims are barred, in whole or in part, because Valley Forge has acted in good faith and in accordance with its contractual rights and obligations.

WHEREFORE, Defendant Valley Forge Insurance Company respectfully requests that this Court:

- A. Enter judgment in its favor on Counts I and II of Plaintiff's Complaint;

- B. Award it interest, costs, and attorneys fees incurred in defending this action and recovering a judgment against Plaintiff; and

- C. Grant it such further relief as justice requires.

VALLEY FORGE INSURANCE COMPANY

By its Attorneys,

_____
John S. Stadler (BBO # 548485)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

Dated: October 22, 2004

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of October 2004, a true and correct copy of the foregoing document was served by hand-delivery and first class mail on all counsel of record.

_____
John S. Stadler

10